IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>XEROX CORPORATION,<br><br>            Defendant. | 8:17CV478<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on defendant Xerox Corporation's ("Xerox") Motion to Dismiss (Filing No. 31) plaintiff Midwest Athletics and Sports Alliance LLC's ("MASA") Complaint ("Complaint") "for failing to meet the required pleading standard for alleging patent infringement." *See* Fed. R. Civ. P. 8(a)(2) and 12(b)(6). MASA maintains the Complaint "provides facts and allegations that state a plausible claim for relief and provides sufficient notice to Xerox of its claims of infringement." Should the Court disagree, "MASA requests leave to amend its Complaint to include additional allegations or, in the alternative for leave to file a motion to amend the Complaint." For the reasons stated below, the Court will grant Xerox's Motion to Dismiss with leave for MASA to amend.

## I.    BACKGROUND

      Xerox manufactures and sells office-technology products, including photocopiers, computers, scanners, and printers. On December 13, 2017, MASA filed suit in this Court, alleging many of Xerox's products (the "accused products") directly infringe on twenty MASA patents in violation of 35 U.S.C. § 271(a).[1] MASA seeks injunctive relief, damages, attorney fees and costs, and "[a]n accounting of all infringing sales and

---

[1] Specifically, MASA alleges Xerox has infringed the following United States Patents: 6,203,005, 6,305,684, 6,411,314, 6,462,756, 6,509,974, 6,718,285, 6,724,998, 6,799,005, 6,909,856, 6,993,278, 7,502,582, 7,658,375, 7,720,425, 8,005,415, 8,019,255, 8,220,795, 8,554,089, 8,591,022, 8,634,113, and 8,805,239 (collectively, the "patents").

revenues, together with post judgment and prejudgment interest from the first date of infringement." *See* 35 U.S.C. §§ 283-285.

On February 15, 2018, Xerox moved to dismiss the Complaint for failure to state a claim. Xerox contends the Complaint "fails to make any factual allegations supporting its patent infringement assertions as required by U.S. Supreme Court precedent in view of the 2015 Amendments to the Federal Rules of Civil Procedure." In Xerox's view, MASA's allegations are insufficient under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "to infer that the accused products infringe each element of at least one claim of" MASA's patents. MASA responds that the allegations in the Complaint "more than satisfy the liberal pleading standard applicable to patent infringement causes of action."

## II. DISCUSSION
### A. Legal Standard

Despite some argument to the contrary, Xerox and MASA generally agree as to the governing legal standard, even if they disagree as to whether MASA's Complaint meets that standard. Both agree that, following the abrogation of Federal Rule of Civil Procedure 84 and Form 18 for direct-infringement claims on December 1, 2015, a complaint alleging patent infringement must satisfy the facial-plausibility standard from *Twombly* and *Iqbal*. *See Battle Sports Sci., LLC v. Shock Doctor, Inc.*, 225 F. Supp. 3d 824, 835 (D. Neb. 2016).

"To survive a motion to dismiss" under that standard, MASA's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *accord Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (unpublished) ("*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed."). In

2

evaluating Xerox's motion to dismiss, "[t]he court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A plaintiff need not provide "'detailed factual allegations,'" to meet the requirements of Federal Rule of Civil Procedure 8(a)(2), but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. The plaintiff must provide "sufficient factual information to provide" a basis for their claims "and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). A complaint composed of "labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Patent Infringement

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." "To prove infringement, a plaintiff must prove the presence of each and every claim element or its equivalent in the accused method or device." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011).

MASA alleges in twenty separate counts that various Xerox products violate twenty different patents MASA owns. MASA explicitly identifies the patents-in-suit and generally describes the accused products, including some external photographs and links to websites where additional information can purportedly be obtained. MASA alleges

"[u]pon information and belief," that various models of Xerox's products "use one or more of the MASA Patents."

In each count, MASA alleges Xerox "has infringed and continues to infringe one or more claims of [each patent], including at least claim 1, in violation of 35 U.S.C. § 271(a)." According to MASA, Xerox's "infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both."[2] For each count, MASA then identifies "by way of example" at least one allegedly infringing product or product line.

Xerox contends MASA's Complaint fails to state a plausible claim for relief because MASA's "incredibly broad infringement assertions" lack factual support and fail to provide Xerox notice of the grounds for MASA's patent-infringement claims. Xerox faults MASA for generally relying on exterior marketing images and hyperlinks to Xerox websites containing additional product information instead of providing specific "factual information regarding how the accused products meet even one claim in any of the patents-in-suit." As Xerox sees it, "MASA has merely named numerous 'exemplary' Xerox products and then concluded 'on information and belief' that those products meet claims from 20 asserted patents by asserting, without any factual basis, that each element of a claim is present in the exemplary products." Xerox argues "merely parroting the language of asserted claim elements" in the patents-in-suit and making "conclusory statements that the accused product is comprised of such elements" as MASA has done here "is insufficient to state a claim for patent infringement."

---

[2]Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950)). "[A] patentee may invoke this doctrine to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.'" *Graver Tank*, 339 U.S. at 609 (quoting *Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 42 (1929)).

To illustrate that point, Xerox has attached to its brief as Exhibit B a chart comparing in detail the language in the Complaint with the claim language from the patents-in-suit. Noting most of the language in each count "is an identical copy of the asserted claim language," Xerox points out "the allegations merely cite the claim language but do not identify specific parts of the accused products." According to Xerox, the Complaint fails to state a claim for direct infringement as a matter of law because it "contains no description, analysis, or even identification of a particular aspect of any of Xerox's products that it alleges meets any particular claim limitation for the claims it identifies as infringed."

With respect to MASA's "generic allegations of infringement under the doctrine of equivalents," Xerox contends "[t]hese allegations improperly seek to broaden MASA's conclusory literal infringement allegations without identifying *any* element that MASA contends is present under the doctrine of equivalents and/or *how* the requirements of the doctrine of equivalents are met." According to Xerox, MASA's conclusory, "one sentence doctrine of equivalents allegation does not satisfy its pleading obligation" under Rules 8(a)(2) and 12(b)(6).

Xerox draws its arguments from cases like *Apollo Finance, LLC v. Cisco Systems, Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016), and *Macronix International Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014), in which the courts dismissed patent-infringement complaints because the infringement allegations were too conclusory to meet the pleading standard explained in *Twombly* and *Iqbal*. In *Apollo*, the court began by observing "'most courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity' beyond recitation of a patent infringement claim's elements." *Apollo*, 190 F. Supp. 3d at 943 (alteration omitted) (quoting *Wistron Corp. v. Phillip M. Adams & Assocs.*, LLC, No. CV–10–4458–EMC, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011)). Reviewing allegations similar to some of those in MASA's Complaint, the court concluded the plaintiff had failed to "state a plausible claim for patent infringement by

5

simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support." *Id.*

The court in *Macronix* reached a similar conclusion. 4 F. Supp. 3d at 804. In that case, the court concluded the plaintiff's literal infringement claims were insufficient because they did "not allege how the offending products" infringed the specific claims recited in the plaintiff's complaint. *Id.* The court determined "that allegation is required to put [the defendant] on notice of what it has to defend and to make a plausible showing of infringement." *Id.* The *Macronix* court further found that a complaint that "simply alleges that each element of a cited claim is infringed and then parrot[s] the claim language for each element . . . simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*. Nor does it satisfy the brevity and simplicity requirement of the rule." *Id.*

As to the doctrine of equivalents, the *Macronix* court concluded the complaint "fail[ed] to allege infringement under th[at] doctrine . . . because the [it] merely assert[ed] liability under that doctrine in a bare bones, conclusory form." Given that lack of detail, the court concluded "it [wa]s not even clear from the [complaint] what is alleged to be literally infringed and what is alleged to be infringed by equivalents." *Id.* The court dismissed the infringement claims, "both literal infringement and by the doctrine of equivalents," but, "considering the state of the law respecting the sufficient pleading of claims for direct infringement," gave the plaintiff leave to amend the complaint to put some meat on the bones of those claims. *Id.*

MASA maintains none of that is necessary here. According to MASA, "Xerox's Motion seeks to convert the *Iqbal/Twombly* plausibility standard into a requirement that MASA provide in its complaint allegations that are the equivalent of infringement contentions." MASA argues the Complaint "easily satisfies [the *Twombly/Iqbal*] standard as it (i) explicitly identifies the Asserted Patents and products of accused of

6

infringement, (ii) includes depictions and descriptions of each of the accused products with hyperlinks to websites where additional information regarding the product may be found, and (iii) for each cause of action, specifically identifies the infringing product and walks through, on an element-by-element basis, a representative claim of the Asserted Patent." (Footnote omitted). MASA contends those "allegations provide Xerox adequate notice of MASA's infringement allegations and set forth a plausible cause of action." MASA's arguments are unpersuasive.

The Court agrees with Xerox that MASA has not pled sufficient factual content to permit the Court "to draw the reasonable inference that" Xerox is liable for infringing any of the patents-in-suit. *Iqbal*, 556 U.S. at 678. MASA's Complaint identifies the patents-in-suit and generally identifies the products or product lines MASA believes might infringe its patents in some way but does not provide sufficient factual development to make a plausible showing of infringement or give Xerox meaningful notice of the grounds for MASA's infringement claims. Leaving aside the procedural and practical problems raised by relying on hyperlinks to various transitory websites and promotional materials purportedly available online, MASA's "depictions and descriptions" of the accused products consist of exterior marketing photographs and basic model names and numbers without any specifics about the allegedly infringing features or functions of the accused products beyond reciting the claim language. Often made "[u]pon information and belief," MASA's allegations fail to raise any "right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

MASA's pleading deficiencies are magnified in relation to its claims that some of Xerox's products may infringe its patents under the doctrine of equivalents. As Xerox points out, MASA's explication of this theory is limited to one conclusory sentence repeated for each count. The technical and factual nature of an infringement claim under the doctrine of equivalents requires some level of specificity beyond a one-sentence accusation. If nothing else, plausibility requires sufficient allegations to allow the Court

to infer an accused product "performs substantially the same function in substantially the same way to obtain the same result" as a patent-in-suit. *Graver Tank*, 339 U.S. at 609 (quoting *Sanitary Refrigerator*, 280 U.S. at 42). Bare infringement allegations, unsupported legal conclusions, and formulaic recitations of the elements of infringement are insufficient. *See Twombly*, 550 U.S. at 555.

As pled, the Complaint raises the possibility of infringement but fails to state a plausible claim for relief. *Id.* at 557. As such, the Court finds Xerox's Motion to Dismiss should be granted.

### C. Leave to Amend

MASA requests that "[i]n the event the Court determines MASA did not adequately plead direct infringement or infringement under the doctrine of equivalents," the Court grant MASA leave to amend the Complaint. MASA emphasizes that Federal Rule of Civil Procedure 15(a)(2) calls for the Court to "freely give leave when justice so requires." MASA argues leave should be granted here given the absence of any extraordinary circumstances such as delay, bad faith, futility or undue prejudice to Xerox.

Asserting MASA's request for leave shows that it "knows its Complaint is insufficient and apparently . . . believes it has more information that it has deliberately chosen not to include in its deficient pleading," Xerox argues for dismissal. But Xerox neither expressly opposes granting leave to amend, nor alerts the Court to any material prejudice it might suffer if the Court grants MASA leave to amend. Under the circumstances of this case, the Court will grant MASA leave to amend.

In light of the foregoing,

IT IS ORDERED:
1. Xerox Corporation's Motion to Dismiss (Filing No. 31) the Complaint is granted.

2. MASA shall have until April 20, 2018, to file an amended complaint setting forth sufficient infringement allegations.

3. If MASA fails to file a timely amended complaint, this case will be dismissed.

Dated this 20th day of March, 2018.

BY THE COURT:


Robert F. Rossiter, Jr.
United States District Judge