IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC, <br><br>             Plaintiff, <br><br>    v. <br><br> XEROX CORP., <br><br>             Defendant. | **8:17CV478** <br><br><br> **MEMORANDUM AND ORDER** |
| MIDWEST ATHLETICS AND SPORTS ALLIANCE LLC, <br><br>             Plaintiff, <br><br>    v. <br><br> RICOH USA, INC., <br><br>             Defendant. | **8:18CV10** |

     Plaintiff Midwest Athletics and Sports Alliance LLC ("MASA") is a Delaware limited liability company with its principal place of business in Omaha, Nebraska.  On November 3, 2017, MASA acquired 96 patents from Eastman Kodak Company ("Kodak").  Shortly thereafter, MASA separately sued defendants Xerox Corp. ("Xerox") and Ricoh USA, Inc. ("Ricoh") in this district, alleging they each infringed many of the patents MASA recently acquired from Kodak.[1]  *See* 35 U.S.C. § 299 (limiting the joinder of accused infringers in patent cases).

---

     [1]MASA alleges Xerox and Ricoh each infringed U.S. Patent Nos. 6,203,005, 6,305,684, 6,411,314, 6,462,756, 6,509,974, 6,718,285, 6,724,998, 6,799,005, 6,993,278, 7,502,582, 7,658,375, 7,720,425, 8,005,415, 8,019,255, 8,220,795, 8,554,089, 8,591,022,

Now pending before the Court are Xerox's Motion to Transfer (Filing No. 57 in 8:17CV478) its case to the Western District of New York and Ricoh's Motion to Transfer (Filing No. 40 in 8:18CV10) its case to the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1404(a). The magistrate judge[2] issued a findings and recommendation in each case (Filing No. 70 in 8:17CV478 and Filing No. 53 in 8:18CV10) recommending that the transfer motions be granted. MASA has filed a Statement of Objections in each case (Filing No. 71 in 8:17CV478 and Filing No. 54 in 8:18CV10) pursuant to Federal Rule of Civil Procedure 72(b) and Nebraska Civil Rule 72.2. For the reasons stated below, MASA's objections are overruled and the motions to transfer are granted.

## I.    BACKGROUND

Formed on June 23, 2017, MASA is a wholly-owned subsidiary of Midwest Youth A&S, Inc., a Delaware public benefit corporation. *See* Del. Code Ann. tit. 8, § 362. MASA registered to do business in Nebraska on August 2, 2017. Since then, MASA, through its President, Geoffrey S. Thomas ("Thomas"), has made significant contributions to provide funding and equipment for youth-sport organizations in Omaha. MASA conducts its daily operations in Nebraska and maintains its files and records at its home office in Omaha. MASA does not have any employees or offices outside of Nebraska.

On December 13, 2017, just months after forming and weeks after acquiring the Kodak patents, MASA sued Xerox (Filing No. 1 in 8:17CV478) for patent infringement in this Court. *See* 35 U.S.C. § 271(a). With leave, MASA amended its complaint (Filing No. 40 in 8:17CV478) on April 20, 2018, to add factual allegations to support its claims. In support of venue in Nebraska, MASA alleges Xerox "has a regular and established place of business located in" Nebraska; hires employees to work here, "such as Field Service Technicians"; and "has committed acts of patent infringement in Nebraska, and throughout

and 8,805,239. In addition, MASA alleges Xerox infringed U.S. Patent Nos. 6,909,856 and 8,634,113 and Ricoh infringed U.S. Patent No. 6,554,269.

[2]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

the United States, because it makes, uses, sells, offers for sale and/or imports" infringing products in Nebraska.

Xerox is a New York corporation with its headquarters in Norwalk, Connecticut. It manufactures and sells office-technology products, such as document systems, copiers, computers, scanners, and printers, worldwide. Though registered in all fifty states, Xerox reports its largest base of employees, including most of its design, engineering, sales and marketing employees, work in and around its offices in Rochester, New York, and Webster, New York. Xerox has specifically identified several New York employees that have relevant knowledge regarding the development and technical aspects of the specific Xerox products MASA alleges infringe on MASA's patents. Xerox further avers that relevant documents identified in the Amended Complaint are located at Xerox's New York offices.

Xerox also maintains several places of business in Nebraska. Xerox states it has fewer than fifty employees in Nebraska and their activities are limited to sales, marketing, and repair—activities that are not unique to Nebraska and occur in almost every state. According to Xerox, no Xerox employee in Nebraska has any "unique relevant technical knowledge regarding the" allegedly infringing products, and none of those products were developed or manufactured in Nebraska.

On January 5, 2018, MASA filed a similar patent-infringement suit in this Court against Ricoh (Filing No. 1 in 8:18CV10). In its Amended Complaint (Filing No. 26 in 8:18CV10), MASA again asserts this Court has venue because Ricoh has offices in Nebraska, including "a full service sales dealer," and "has committed acts of patent infringement in Nebraska, and throughout the United States, because it makes, uses, sells, offers for sale and/or imports" infringing products in Nebraska.

Ricoh is an Ohio corporation with its principal place of business and corporate headquarters in Malvern, Pennsylvania. Ricoh states it provides "document management systems, IT services, commercial and industrial printing, digital cameras, and industrial

systems." According to Ricoh, it has some executives at its former headquarters in West Caldwell, New Jersey, and elsewhere, but its "key executives and senior leaders . . . are located in Malvern" and its "strategic planning, supply operations, sales and marketing, managed services, and technical services are run" from there.

Like Xerox, Ricoh states it has a satellite office in Nebraska but explains its activities in Nebraska are limited to routine sales and customer service. Ricoh states most of its 100 Nebraska employees "are managed services operations employees housed at customer sites." Ricoh specifically identifies witnesses located in Pennsylvania, New Jersey, Georgia, Ohio, New York, and Colorado that may have knowledge about the patents and products at issue and agreements between Ricoh's corporate parent and Kodak. Ricoh further states it does not develop or manufacture products in Nebraska and avers "there are no Ricoh documents or witnesses with unique information or knowledge relevant to the patent infringement claims at issue located within Nebraska." Most of Ricoh's product development occurs overseas.

On May 5, 2018, Xerox moved (Filing No. 57 in 8:17CV478) to transfer its case to "the Western District of New York pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses." Ricoh followed suit on June 22, 2018, requesting transfer (Filing No. 40 in 8:18CV10) to the Eastern District of Pennsylvania on the same grounds. Neither Xerox nor Ricoh claims that venue in this district is improper. Rather, they each argue "the predominance of witnesses, records, and documents necessary for" their respective cases reside within their preferred districts. As a second alternative to Nebraska, Ricoh requests that the Court transfer its case to the Western District of New York, if, and only if, the Court finds transfer to Pennsylvania inappropriate.

MASA adamantly opposes transfer. As MASA sees it, its choice of venue in Nebraska is entitled to great deference and the efficiency of keeping both cases here requires denying Xerox's and Ricoh's requests for transfer.

4

## II.    DISCUSSION

### A.    Standard of Review

Xerox's and Ricoh's transfer motions were referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.  Section 636(b)(1) and Rule 72 establish two types of referral and concomitant "levels of review depending on the scope and significance of the magistrate's decision."  *Gomez v. United States*, 490 U.S. 858, 871 (1989).  Section 636(b)(1)(A) authorizes the Court to

> designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

A magistrate judge's rulings on a nondispositive pretrial matter under § 636(b)(1)(A) is subject to review by this Court when the ruling "is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a).

With respect to dispositive motions like those excepted in subparagraph (A), the Court may designate a magistrate judge to conduct hearings, if necessary, and submit to the Court "proposed findings of fact and recommendations for the disposition" of the pending motion.  28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).  If a party timely objects to the magistrate judge's findings, § 636(b)(1) requires the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See also* Fed. R. Civ. P. 72(b).

Here, the parties dispute whether Xerox's and Ricoh's transfer motions are dispositive, and, in turn, which standard of review should apply.  MASA contends the transfer motions are dispositive and thus subject to de novo review.  Xerox and Ricoh argue the motions are not dispositive and subject only to review if clearly erroneous or contrary

to law.  Both positions find some support in the law.  *Compare In re Howmedica Osteonics Corp*, 867 F.3d 390, 398 n.2 (3d Cir. 2017) (noting the magistrate judge "had granted the [defendants' § 1404(a)] transfer motions pursuant to his authority under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(a)"), *and Koning v. Baisden*, No. 4:08CV3087, 2008 WL 4482839, at *3 (D. Neb. Oct. 1, 2008) (explaining a magistrate judge's order denying a §1404(a) transfer motion addressed "a nondispositive pretrial matter within the ambit of 28 U.S.C. § 636(b)(1)(A)"), *DietGoal Innovations LLC v. Wegmans Food Markets, Inc.*, 993 F. Supp. 2d 594, 599 (E.D. Va. 2013) (agreeing "with the district courts that routinely treat such motions as nondispositive"), *with Payton v. Saginaw Cty. Jail*, 743 F. Supp. 2d 691, 692-93 (E.D. Mich. 2010) (discussing the split of authority on this issue before deciding a magistrate judge does not have authority to enter a transfer order).

Although the Court is inclined to agree with the Third Circuit and others that a transfer motion is not dispositive and that a magistrate judge has authority under § 636(b)(1)(A) to rule directly on such a motion, the Court need not pick sides today.  The magistrate judge in this case did not directly rule on Xerox's and Ricoh's transfer motions and issue an order subject to review under § 636(b)(1)(A) and Rule 72(a).  She made findings and a recommendation in each case subject to review upon objection under § 636(b)(1)(B) and Rule 72(b).  And even under the more-stringent de novo standard MASA requests, the Court finds MASA's objections should be overruled and the transfer motions should be granted as the magistrate judge recommends.

## B.    Transfer of Venue under 28 U.S.C. § 1404(a)

As noted above, Xerox and Ricoh have each moved to transfer their respective patent cases pursuant to 28 U.S.C. § 1404(a) to districts that are home to their key offices.  Under § 1404(a), this Court has broad discretion to transfer a case "to any other district . . . where it might have been brought" if the transferee district is more convenient for the parties and witnesses or if transfer is "in the interest of justice."  *See, e.g.*, *Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014).  MASA does not dispute that these cases could have

been brought in Xerox's and Ricoh's preferred districts, *see* 28 U.S.C. § 1400(b), so these motions turn on "considerations of convenience and justice" in each case. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

In deciding a transfer motion, the Court generally gives "considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). Section 1404(a) identifies three general categories of factors to consider when comparing competing venues, but deciding a transfer motion requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* at 691; *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam) (explaining "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted.").

Although the Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision," it has identified some factors courts traditionally consider. *In re Apple*, 602 F.3d at 912 (quoting *Terra Int'l*, 119 F.3d at 691). In assessing convenience, courts often consider factors like "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, [and] (4) the location where the conduct complained of occurred." *Terra Int'l*, 119 F.3d at 696. In balancing the interests of justice, courts consider not only the plaintiff's choice of forum and the reasons for that choice, but also factors like (1) judicial economy, (2) the comparative costs of litigating the case in each forum, (3) the ability to enforce any judgment, and (4) any potential "obstacles to a fair trial." *Id.*

In each of the cases at bar, the magistrate judge considered "the factors relevant to motions to transfer as a whole" and the parties' arguments and concluded Xerox's and Ricoh's respective transfer motions should be granted because their chosen forums were more convenient.

Looking at the convenience to the parties and potential witnesses in the Xerox case, the magistrate judge noted MASA had very recently acquired the patents at issue from Kodak, a company—like Xerox—based in the Western District of New York. The magistrate judge determined that many potential Xerox and non-party witnesses were located in or near that district. In contrast, the magistrate judge observed (1) no potential witness with unique technical knowledge related to the patents at issue or the allegedly infringing products resides in Nebraska and (2) none of the design or development of any product occurred here. Based on the parties' submissions, the magistrate judge identified Thomas as the only MASA witness in Nebraska with knowledge relevant to MASA's patent claims against Xerox.

Turning to the interest-of-justice factors, the magistrate judge acknowledged that courts generally defer to a plaintiff's choice of its home forum but found some reasons to question that choice here, including MASA's recent formation in Nebraska and subsequent acquisition of the patents in suit. In the magistrate judge's view, the "timing of events certainly raises a question as to whether [MASA] was attempting to manufacture a relationship to this District." In response to MASA's reliance on its recent charitable donations in Nebraska (all of which occurred after MASA first filed suit), the magistrate judge noted those activities were irrelevant to MASA's patents or this litigation. Beyond MASA's headquarters in Omaha, the magistrate judge found no relevant connection between this case and Nebraska.

The magistrate judge also briefly addressed MASA's argument that judicial economy favored retaining venue in Nebraska because MASA had filed a related case

against Ricoh.  The magistrate judge found the argument unpersuasive because the Ricoh case was "in its infancy" and Ricoh had filed its own transfer motion.  Based on her analysis of the relevant factors, the magistrate judge recommended granting Xerox's motion and transferring its case to the Western District of New York.

The magistrate judge's analysis of Ricoh's motion is much the same. Upon considering the origin of MASA's patents, the nature of its claims, its recent and limited connection to Nebraska, the convenience of the parties and witnesses, the place where most of the allegedly infringing activity occurred, and the location of relevant documents and other evidence in the case, the magistrate judge determined the Eastern District of Pennsylvania would be a more convenient venue than Nebraska.

### C.    MASA's Objections
#### 1.    Judicial Efficiency and Consistency

MASA objects to the magistrate judge's transfer recommendations.  MASA primarily faults the magistrate judge for failing to adequately address "why should courts in two separate districts handle and decide issues for patent infringement involving the exact same patents?"  For MASA, "[t]he answer is simple – they should not" because "judicial efficiency and consistency *can only be served* by keeping" both cases in Nebraska.  In MASA's view, "[t]his factor alone weighs heavily, if not dictates, denying the requested transfer[s]."  The Court disagrees.

MASA is correct that judicial efficiency and consistency are significant factors to consider in deciding whether a defendant has met its burden of showing convenience and fairness support a transfer of venue under § 1404(a).  *See, e.g.*, *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (discussing *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)).  MASA also reasonably argues that keeping both of its infringement cases in its home forum with the same judge would likely lead to some efficiencies and consistency as the cases move forward.  *Id.*; *see also* NEGenR 1.4(a)(4)(B)

and (C)(iii) (generally providing for the assignment of related patent-infringement cases to the same judge).

But judicial economy is only one factor—among many—for the Court to consider in conducting an individualized, case-by-case evaluation of convenience and fairness. *See Terra Int'l*, 119 F.3d at 696; *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (per curiam) ("[J]udicial economy is just one relevant consideration in determining how administration of the court system would best be served in deciding a transfer motion."). And the interests of judicial economy here do not all weigh in MASA's favor. *See, e.g., Jarratt v. Amazon.com, Inc.*, No. 5:16-CV-05302, 2017 WL 3437782, at *3 (W.D. Ark. Aug. 10, 2017) (concluding "[j]udicial economy is typically served [in a patent-infringement case] by allowing a case to proceed in the district that is . . . the location of the allegedly-infringing conduct").

Notwithstanding MASA's assertion to the contrary, the pendency of two related cases in this district is not by itself dispositive or entitled to controlling weight. *See, e.g., In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (rejecting the notion that "the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits"); *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 453 (D. Del. 2012) ("Plaintiff failed to cite any precedent assigning determinative weight to the pendency of related cases in the same district (and the Court has been unable to find any such authority)."). "As is true of all the factors considered in a court's determination of whether to transfer under Section 1404(a), the existence of related cases in the original district is not conclusive. Other matters may outweigh this factor under the circumstances of the case." 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice & Procedure* § 3854, at 385 (4th ed. 2013).

Neither Congress nor the courts have taken MASA's view that filing suit against multiple defendants in the same district automatically establishes the most-convenient forum in those cases and precludes a successful transfer motion regardless of the balance of the other case-specific convenience and fairness factors. *See*, *e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (concluding the existence of two cases against different defendants in the same forum did not, under the circumstances, "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor"); *Signal IP, Inc. v. Ford Motor Co.*, No. LA CV14-03106 JAK, 2014 WL 4783537, at *6-7 (C.D. Cal. Sept. 25, 2014) (transferring a patent case from the plaintiff's recently acquired home forum to the accused infringer's chosen forum despite the existence of thirteen other pending cases in the transferor district in part because the accused had developed the accused product in the transferee district and had non-party and employee witnesses there while the plaintiff had identified only one witness in its chosen forum).

To the contrary, § 1404(a) places convenience and the interests of justice on equal footing and says nothing about "the relative weight to be accorded" to each individual case-specific factor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 223 n.3 (7th Cir. 1986). What's more, as Ricoh points out, the Leahy-Smith America Invents Act, 35 U.S.C. § 299, which requires plaintiffs alleging patent infringement against multiple unrelated defendants to litigate such cases separately, undermines MASA's contention that the potential inefficiency and inconsistency of "having two different courts address many of the same issues that arise in patent infringement cases" automatically precludes transfer "***to two different Districts***." *See*, *e.g.*, *iLife Techs., Inc. v. BodyMedia, Inc.*, No. 3:13-CV-4776-M, 2014 WL 3606011, at *3 (N.D. Tex. July 22, 2014) (rejecting similar arguments).

Under § 299(a), accused infringers can only be joined in one action or have their cases consolidated if certain conditions are met. Section 299(b) provides "accused infringers may not be joined in one action as defendants . . . or have their actions

11

consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."  By its terms, § 299 permits increased litigation costs and some potential loss of efficiency and consistency in favor of other interests.  If judicial efficiency and consistency were overriding considerations in infringement cases as MASA suggests, Congress ostensibly would have freely permitted joinder and consolidation in such cases and made the plaintiff's venue choice sacrosanct.  Yet it did not.

Instead, Congress gave accused infringers a say on joinder and consolidation, *see id.* § 299(c) (allowing waiver), and provided a means—despite the plaintiff's venue privilege—to seek a more-convenient venue when the circumstances of their case warrant transfer, *see* 28 U.S.C. § 1404(a).  MASA's outsized view of judicial efficiency and consistency would permit a plaintiff to unilaterally scuttle § 1404(a) and "reduce the number of permissible federal forums" to one—regardless of the connection between the plaintiff's chosen forum and the case at hand and the balance of the remaining convenience and fairness factors—simply by filing a second suit in the same district.  *Van Dusen*, 376 U.S. at 623 ("[I]n construing s 1404(a) we should consider whether a suggested interpretation would discriminatorily enable parties opposed to transfer, by means of their own acts or omissions, to prevent a transfer otherwise proper and warranted by convenience and justice.").

Section 1404(a) and controlling precedent do not support such a sweeping venue privilege.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 527 (1990) (explaining that in interpreting § 1404(a), the Supreme Court has "sought to fashion a rule that would not create opportunities for forum shopping"); *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013) (deciding that allowing a plaintiff to "manipulate venue by serially filing cases within a single district . . . would undermine the principals underpinning transfer law and the recently enacted America Invents Act").  "To interpret § 1404(a) to hold that any prior suit involving the same patent can override a

compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)." *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011).

As required by § 1404(a), this Court has conducted an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622. Based on that review, the Court concludes the potential judicial economy served by hearing both of MASA's patent cases in its home district weighs against transfer under the circumstances.[3] But those and other factors weighing in MASA's favor do not override Xerox's and Ricoh's compelling arguments that case-specific convenience and fairness factors, as examined by the magistrate judge, warrant transferring each of their cases to venues that are, on balance, more convenient for the parties and witnesses, where more relevant records, documents, and other evidence are located, and where most of the allegedly infringing conduct occurred. *See*, *e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340-41 (Fed. Cir. 2014) (ordering transfer despite the presence of another pending infringement case in the transferor district); *In re Apple*, 602 F.3d at 914-15.

### 2.    Alleged Misapplication of the Relevant Factors

MASA's remaining objections to the magistrate judge's analysis of key convenience and fairness factors are likewise unavailing.

### a.    Great Deference and Shifting Burdens

MASA first argues the magistrate judge (1) "failed to give . . . great deference . . . to MASA's choice of its home forum, where MASA carries out its charitable activities in order to help the local community," (2) unduly discounted MASA's arguments, (3) failed

---

[3]Ricoh aptly points out that at least some of the losses to judicial efficiency and consistency resulting from transfer can likely be offset by coordinating discovery or by using multidistrict litigations procedures. *See In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407."); *Signal IP*, 2014 WL 4783537, at *7 n.1 (noting that "[j]udicial efficiency may be served here by coordination between the District Courts handling litigation concerning the same patents"). Even so, the Court finds this factor weighs in MASA's favor.

to hold Xerox and Ricoh to their burden of proving transfer is warranted, and (4) "erroneously shifted the convenience factors to a large multi-national corporate defendant over a small charitable organization with significant ties to Nebraska," unduly increasing MASA's burden and expense.

After careful de novo review of the record, the Court is satisfied the magistrate judge fairly considered the relevant convenience and fairness factors and properly held Xerox and Ricoh to their burden of proving the balance of interests weigh in favor of transfer. *See Terra Int'l*, 119 F.3d at 695. With respect to the requisite deference to MASA's chosen forum, the magistrate judge expressly stated that a plaintiff's choice of forum is generally "give[n] considerable deference" but accurately noted that such deference is not absolute and can be affected by the depth, breadth, and durability (or lack thereof) of the plaintiff's underlying connection to the forum and the connection between its chosen forum and the operative facts of the case. *See In re Apple*, 602 F.3d at 913; *My Pillow, Inc. v. LMP Worldwide, Inc.*, 331 F. Supp. 3d 920, 930 (D. Minn. 2018). The magistrate judge then properly reviewed those factors in relation to other relevant transfer factors.

Repeatedly touting its recent charitable activities in Nebraska, MASA bristles at the magistrate judge's discussion of the possibility of forum shopping and maintains its connections to this district are genuine. But MASA still does not explain how those activities are relevant to its infringement claims or otherwise tip the balance back in its favor. MASA's choice of its home forum is an important factor, but it still must be weighed, on a case-by-case basis, with the other relevant factors. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Terra Int'l*, 119 F.3d at 696. Given MASA's recent formation and acquisition of the patents at issue, and Xerox's and Ricoh's respective arguments, the magistrate judge would have erred had she not scrutinized MASA's connection to the forum and the forum's connection to MASA's claims. *See In re Apple*, 602 F.3d at 913.

Even if the Court accepts MASA's professed "deep ties" to Nebraska and undying commitment to local youth sports at face value, which it has for the purposes of this analysis, the Court finds no reason to reject the magistrate judge's conclusion that MASA's activities in Nebraska have little or nothing to do with its patent-infringement claims and that other relevant factors outweigh the reasons to keep the cases in this district.

**b.    Convenience of the Parties and Witnesses**

MASA next argues the magistrate judge (1) improperly based its analysis of the convenience to the parties "on the sheer number of witnesses" in each forum in violation of *Terra Int'l*, 119 F.3d at 696, (2) ignored the significance of Xerox's and Ricoh's employees in Nebraska and elsewhere, and (3) erroneously accepted Xerox's and Ricoh's view of the convenience of third-party witnesses.  MASA's arguments again fall short.

First, the magistrate judge did not "simply compar[e] the number of witnesses in the competing forums" as MASA claims.  She took a holistic view of convenience and fairness, and, as Xerox points out, analyzed both quantitative and qualitative factors.  The magistrate judge not only considered the number of potential witnesses in each competing district, she also evaluated their connections to the operative facts and the relevance and materiality of the evidence they might provide, such as whether they had unique technical knowledge of the accused products.  That the magistrate judge noted that Thomas appeared to be the only MASA employee with potentially relevant knowledge to the cases at hand does not mean her analysis was improperly based "on the sheer number of witnesses."

Second, the magistrate judge did not "ignore" Xerox's and Ricoh's "sales, marketing, and repair" employees in Nebraska and their potential knowledge of substantive issues such as damages as MASA contends.  She considered whether those employees had unique knowledge relevant to MASA's infringement claims such that the need for their potential testimony and the inconvenience of testifying elsewhere would weigh heavily against transfer to Xerox's and Ricoh's chosen districts.  The magistrate judge determined both of those districts had stronger factual connections to MASA's infringement claims

15

and were more convenient for identified witnesses with material knowledge of the relevant issues, including damages. She reasonably concluded it did not. *Cf. In re Hoffman-LaRoche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that give rise to a suit, this factor should be weighed in that venue's favor."); *In re TS Tech Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (transferring an infringement case where the only connection to the plaintiff's chosen forum was the sale of accused products there).

As for MASA's complaint that the magistrate judge "erroneously minimized" the fact that Xerox and Ricoh had potential employee witnesses located outside the competing forums, many courts have determined that the presence of such witnesses does not alter the forum comparison. *See, e.g.*, *In re Toyota*, 747 F.3d at 1340. But even if the Court considers those witnesses and accepts MASA's assertion that "depositions and attendance at trial of individuals located in these states and foreign countries . . . is no more inconvenient in [Nebraska] than if this case is transferred . . . because travel will necessarily be required in whatever district the Action is litigated," MASA's blanket conclusion that the Western District of New York and the Eastern District of Pennsylvania therefore "cannot be clearly more convenient than Nebraska" simply does not follow.

The Court also rejects MASA's contentions that the magistrate judge erred in considering the convenience of some potential non-party inventor witnesses by discussing their location at the time the patents were filed and ignoring MASA's evidence "that as many as twenty-six (of the forty inventors) inventors may now reside in other states . . . and around the world." As MASA sees it, the location of inventors derived from the faces of the patents it acquired from Kodak is completely irrelevant because only their current location matters. While such evidence may not be very probative or weigh heavily in a particular case, depending on the specific circumstances, MASA does not provide any support for its assertion that such evidence is categorically irrelevant or that it is somehow

16

necessarily improper to consider it.  *See* Fed. R. Evid. 401, 402.  And MASA's argument that the evidence is completely irrelevant here because some inventors and prior-art witnesses "may now reside in other states . . . and around the world" is unpersuasive.

MASA's remaining arguments likewise fail to tip the balance on this issue. There is ample support for the magistrate judge's conclusion that witness convenience weighs in favor of transfer.  *See*, *e.g.*, *In re Apple*, 602 F.3d at 913-14.

### c.    Location of Documents and Other Evidence

MASA's objection to the magistrate judge's analysis of the location of relevant documents and other physical evidence fares no better.  "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).  That is true in both these cases.   Although Kodak and others may also have important evidence of the underlying development and prosecution of the patents in suit[4] and some Xerox and Ricoh documents are located outside of the competing districts, most of the significant documents and physical evidence in each of these infringement cases is in the transferee districts where Xerox and Ricoh engaged in a substantial part of the allegedly infringing activity.

MASA argues the magistrate judge "erroneously weighed the location of [Xerox's and Ricoh's] documents over the location of MASA's documents" but again fails to identify a significant number of material documents or other evidence in Nebraska related to its allegations of patent infringement.  MASA states it has relevant documents related "to MASA's acquisition of the asserted patents, business activities relating to the asserted patents, and MASA's efforts in providing services, funding and equipment for youth sports

---

[4]Of course, any evidence from Kodak or others located in the Western District of New York also weighs in favor of transfer there as Xerox requests.

organizations." But MASA's charitable activities are not probative of infringement, and its recent and limited patent activities in Nebraska, even when added to any evidence of alleged infringement there, do not outweigh the evidence located in the transferee districts.

MASA tries to shift the balance by noting modern technology has made document production easier and reduced the burden on parties producing documentary evidence. While true, the Eighth Circuit has determined that the convenience of electronic transmission does not eliminate document location as an important § 1404(a) factor. *See In re Apple*, 602 F.3d at 914. In deciding that the location of relevant documentary evidence weighed in favor of the accused infringer's home forum in *In re Apple*, the Eighth Circuit reasoned, "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, [the accused infringer's home forum] would prove more convenient." *Id.* The result is the same here.

### d. Location of the Alleged Infringing Activity

For its last objection, MASA summarily argues the magistrate judge "erroneously gave deference to the infringement that occurred in the transferee districts." According to MASA, "this factor weighs against transfer" because Xerox and Ricoh "concede that the alleged infringement occurs in both Nebraska and the transferee Districts." Leaving aside other allegedly infringing conduct by Xerox and Ricoh in the transferee districts, like design and development of the accused products, and focusing on allegedly infringing sales, which MASA alleges occur nationwide, the Court fails to see how the same alleged acts of infringement occurring in both Nebraska and the transferee districts moves the needle much in either direction. *Cf. In re Hoffman-LaRoche*, 587 F.3d at 1338; *In re TS Tech*, 551 F.3d at 1321.

The Court has duly considered MASA's remaining arguments against transfer and finds them to be without merit.

## III.    CONCLUSION

Xerox and Ricoh have each demonstrated that the convenience to the parties and witnesses and the interests of justice in each of their cases weigh in favor of transfer pursuant to § 1404(a).  Accordingly,

IT IS ORDERED:

1.    Plaintiff Midwest Athletics and Sports Alliance LLC's Statement of Objections (Filing No. 71 in 8:17CV478) to the magistrate judge's findings and recommendation is overruled.

2.    The magistrate judge's findings and recommendation (Filing No. 70 in 8:17CV478) is accepted.

3.    Defendant Xerox Corp.'s Motion to Transfer (Filing No. 57 in 8:17CV478) is granted.

4.    The Clerk of Court shall transfer Case No. 8:17CV478 to the United States District Court for the Western District of New York.

5.    Plaintiff Midwest Athletics and Sports Alliance LLC's Statement of Objections (Filing No. 54 in 8:18CV10) to the magistrate judge's findings and recommendation is overruled.

6.    The magistrate judge's findings and recommendation (Filing No. 53 in 8:18CV10) is accepted.

7.    Defendant Ricoh USA, Inc.'s Motion to Transfer (Filing No. 40 in 8:18CV10) is granted.

8.    The Clerk of Court shall transfer Case No. 8:18CV10 to the United States District Court for the Eastern District of Pennsylvania.

Dated this 6th day of December 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge