UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MIDWEST ATHLETICS AND SPORTS
ALLIANCE LLC,

           Plaintiff,              **ORDER**

      v.                              6:19-CV-06036 EAW

XEROX CORP.,

           Defendant.

───────────────────────────────

There are currently sixteen motions pending in this patent infringement action. Six of these motions are substantive: (1) Defendant's motion to strike portions of Plaintiff's expert reports (Dkt. 237 ("Defendant's Motion to Strike")); (2) Plaintiff's motion to strike and exclude portions of defendant's expert reports (Dkt. 238 ("Plaintiff's Motion to Strike")); (3) Plaintiff's motion for summary judgment of validity (Dkt. 242 ("Plaintiff's Validity Motion")); (4) Defendant's motion for summary judgment of invalidity and unenforceability (Dkt. 243 ("Defendant's Invalidity Motion")); (5) Plaintiff's motion for summary judgment of infringement (Dkt. 246 ("Plaintiff's Infringement Motion")); and (6) Defendant's motion for summary judgment of non-infringement (Dkt. 247 ("Defendant's Non-Infringement Motion")).

The ten remaining motions seek leave to file under seal portions of the papers associated with these six substantive motions. Specifically, Plaintiff seeks leave to file under seal: (1) portions of Plaintiff's Motion to Strike (Dkt. 235); (2) portions of

Plaintiff's Infringement Motion (Dkt. 244); (3) portions of its opposition to Defendant's Motion to Strike and Defendant's Non-Infringement Motion (Dkt. 250); and (4) portions of its reply in further support of Plaintiff's Motion to Strike (Dkt. 260).  Defendant seeks leave to filed under seal: (1) portions of Defendant's Motion to Strike (Dkt. 236); (2) portions of Defendant's Invalidity Motion (Dkt. 241); (3) portions of Defendant's Non-Infringement Motion (Dkt. 245); (4) portions of its opposition to Plaintiff's Motion to Strike (Dkt. 251); (5) portions of its opposition to Plaintiff's Infringement Motion (Dkt. 256); and (6) portions of its reply in support of Defendant's Motion to Strike (Dkt. 265).  For the reasons discussed below, the Court denies the parties' motions to seal without prejudice.

In order to overcome the presumption of public access to judicial documents, it is necessary for the Court to make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  "[T]he Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*.'" *Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512 JFB AKT, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (emphasis in original and quoting *Lugosch*, 435 F.3d at 123).

Here, the parties have provided minimal explanation for their contentions that sealing is warranted. For example, in its motion to seal filed at Dkt. 241, Defendant asks the Court to seal various documents because they have been designated as "Highly Confidential—Attorney's Eyes Only" pursuant to the protective order in this case, indicating that they contain "confidential business information and/or trade secrets that are maintained by [Plaintiff] as confidential in the ordinary course of business." (Dkt. 241-1 at ¶ 7). However, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104AJNKHP, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)).

Similarly, Plaintiff's motion to seal filed at Dkt. 244 makes various conclusory assertions that the public release of certain information would "cause [Defendant] competitive harm[.]" (Dkt. 244-1 at ¶ 4). This is insufficient to support sealing. *See, e.g., Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21 CIV. 207 (PGG), 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021) ("While a risk of competitive harm may serve as a basis for sealing judicial documents, the parties have not made a sufficient showing of competitive harm. . . . [T]he parties have not identified with specificity what terms present such a risk to [Defendant], nor have they provided more than a conclusory

assertion of potential harm resulting from disclosure."). The parties' papers seeking sealing consist essentially entirely of these kinds of cursory, insufficient assertions.

The parties also have not narrowly tailored their sealing requests. For example, Defendant seeks leave to file under seal the entirety of several expert reports. (*See* Dkt. 245-1 at ¶ 3). However, having reviewed those expert reports, there are substantial portions (including, for example, the experts' educational and professional backgrounds and their summaries of the patents at issue in this litigation) that, on their face, contain no confidential information whatsoever.

For these reasons, the Court denies the pending motions to seal (Dkt. 235; Dkt. 236; Dkt. 241; Dkt. 244; Dkt. 245; Dkt. 250; Dkt. 251; Dkt. 256; Dkt. 260; Dkt. 265) without prejudice. If the parties wish to pursue any of their requests to seal, they must file properly supported, narrowly tailored sealing motions by no later than **July 15, 2022**. Otherwise, the Court will file on the public docket complete, unredacted versions of the parties' respective filings.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 7, 2022
Rochester, New York