UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIDWEST ATHLETICS AND SPORTS
ALLIANCE LLC,

               Plaintiff,               **DECISION AND ORDER**

      v.                            6:19-CV-06036 EAW

XEROX CORP.,

               Defendant.
_____

## INTRODUCTION

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent infringement litigation. Defendant Xerox Corp. ("Defendant") contends that this is an exceptional case and seeks an award of its attorney fees incurred after the close of fact discovery. (Dkt. 290). Defendant further argues that the Court should exercise its inherent equitable power to award expert witness fees. (*Id*.). Plaintiff Midwest Athletics and Sports Alliance LLC ("Plaintiff") opposes the motion. (Dkt. 297). For the reasons that follow, the Court grants in part and denies in part Defendant's motion.

## BACKGROUND

This case has a long and voluminous history, familiarity with which is assumed for purposes of this Decision and Order. All defined terms have the same meaning as in the

Court's Decision and Order entered September 28, 2022. (Dkt. 288). The Court briefly summarizes the most salient facts below.

This matter was, at the outset, a "very large . . . case involving infringement and invalidity claims of 20 patents, 321 claims, 41 inventors and over 70 accused products and methods involving document printing technology." (Dkt. 149 at 1). The case was progressively narrowed pursuant to various case management orders. (*See* Dkt. 94; Dkt. 118; Dkt. 186; Dkt. 199; Dkt. 204).

Pursuant to this District's Local Patent Rules, Plaintiff served Final Infringement Contentions on August 14, 2019. (Dkt. 213 at 3). After Defendant objected to certain aspects of the original Final Infringement Contentions, Plaintiff served amended Final Infringement Contentions as to three of the patents in suit on October 25, 2019. (*Id*. at 3 n.3). The parties thereafter engaged in fact discovery and claim construction.

During the claim construction phase, the parties "identified 64 disputed claim terms, found in 17 of the Asserted Patents, for construction by the Court." (Dkt. 185 at 2). The Court conducted a claim construction hearing (Dkt. 184) and issued a 77-page Decision and Order on December 28, 2020, resolving the parties' claim construction disputes (Dkt. 185) ("Claim Construction D&O"). Plaintiff did not timely seek to amend its infringement contentions in light of the Court's findings in the Claim Construction D&O. *See* Loc. Pat. Rule. 3.10(a) ("A motion to amend final contentions due to the Court's claim construction order shall be filed, with proposed amendment(s) within fourteen (14) days of the entry of such claim construction order.").

In February 2021, Plaintiff filed a motion for leave to amend the complaint and supplement its final infringement contentions, including by seeking to add new theories of indirect infringement. (Dkt. 190). Defendant opposed this motion, except as to certain minor changes. (Dkt. 193). On July 9, 2021, the Hon. Marian W. Payson, United States Magistrate Judge, to whom this matter had been referred for supervision of all pretrial matters excluding dispositive motions, entered a Decision and Order permitting Plaintiff to amend its complaint and infringement contentions to add proposed allegations related to two newly identified allegedly infringing products, but otherwise denying leave to make the requested amendments. (Dkt. 213).

Judge Payson held that Plaintiff had "proffered no legitimate reason for its delay in seeking amendments" related to the previously identified products. (*Id*. at 17). Judge Payson further noted that Plaintiff asserted that its request to assert claims for indirect infringement was prompted by the Claim Construction D&O, but concluded that Plaintiff had not "acted with adequate diligence to justify amendment." (*Id*. at 19, 24-25). Plaintiff did not appeal Judge Payson's denial of leave to amend pursuant to 28 U.S.C. § 636(b).

In its expert reports served on June 2, 2021, Plaintiff included numerous theories— including theories of joint and indirect infringement—that it had not included in its Final Infringement Contentions. Plaintiff included multiple theories that it was subsequently explicitly denied leave to amend to assert in Judge Payson's July 9, 2021 Decision and Order. Plaintiff did not withdraw those theories after Judge Payson issued her Decision

and Order, but instead continued to pursue them, forcing Defendant to file and the Court to resolve a motion to strike.  (Dkt. 237).

Before it could resolve the parties' motions for summary judgment (Dkt. 246; Dkt. 247), the Court was required to first spend almost 45 pages of its Decision and Order addressing the motion to strike (Dkt. 288 ("Summary Judgment D&O") at 5-49).  The Court overwhelming ruled in Defendant's favor, and observed that Plaintiff had repeatedly "mischaracterize[d] its Final Infringement Contentions," "ignore[d] the express requirements" of the Local Patent Rules, "ignored the text of its Final Infringement Contentions," and sought to "circumvent Judge Payson's ruling" by pursuing theories Plaintiff was denied leave to include in an amended complaint and amended final infringement contentions.  (*Id*. at 13, 14, 16, 19, and 34).

The Court then considered the parties' motions for summary judgment on the merits and granted Defendant summary judgment on all remaining claims.  (*Id*. at 55-102).  Plaintiff appealed.  (Dkt. 292).

While Plaintiff's appeal was still pending, Defendant filed the instant motion.  (Dkt. 290).  Plaintiff filed opposition papers (Dkt. 297) and Defendant filed a reply (Dkt. 299).  On September 5, 2023, the Court issued an Order deferring its ruling pending the outcome of Plaintiff's appeal.  (Dkt. 303).

On May 14, 2024, the Court of Appeals for the Federal Circuit issued a judgment affirming the Court's rulings pursuant to Federal Circuit Rule 36.  (Dkt. 304-1).  The

mandate issued on June 20, 2024.  (Dkt. 304).  The Court thereafter took the instant motion under advisement.  (Dkt. 306).

## DISCUSSION

## I.    Legal Standard

Under § 285, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness*, Inc., 572 U.S. 545, 554 (2014).  "District courts . . . determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.*; *see also Oplus Techs., Ltd. v. Vizio, Inc.*, 782 F.3d 1371, 1374 (Fed. Cir. 2015) ("We review all aspects of a district court's determination under 35 U.S.C. § 285 for abuse of discretion.").  "A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award," and "[o]ther non-exclusive factors that may support a finding of exceptional case include frivolousness, motivation, objective unreasonableness of a case's factual or legal components, and the need in particular circumstances to advance considerations of compensation and deterrence."  *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1322 (Fed. Cir. 2017) (quotation omitted).  "[F]ee awards are not to be used as a penalty for failure to win a patent infringement suit," and should instead be used to "prevent a party

from suffering a gross injustice." *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quotations omitted).

The Court also has the inherent authority "to impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). "Use of this inherent authority is reserved for cases where the district court makes a finding of fraud or bad faith whereby the very temple of justice has been defiled." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) (quotation omitted).

## II.    Defendant is a Prevailing Party

A threshold requirement for an award of fees under § 285 is that the movant must be a prevailing party. A prevailing party is one who "receive[s] at least some relief on the merits, which alters the legal relationship of the parties." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304 (Fed. Cir. 2018) (quotation and original alteration omitted). Defendant easily and indisputably meets that standard, having obtained summary judgment in its favor on all claims that remained after case narrowing.

## III.    The Court Finds the Case Exceptional

Having carefully considered the totality of the circumstances, the Court determines that this case is exceptional under § 285 specifically because Plaintiff—as detailed above— disregarded this Court's Local Patent Rules and ignored Judge Payson's prior rulings at the summary judgment stage. It is this conduct—considered in the context of the case as a whole—that, in the Court's view, renders this case "one that stands out from others with

respect to . . . the unreasonable manner in which . . . [it] was litigated." *Octane Fitness*, 572 U.S. at 554. While the Court has considered the other conduct identified in Defendant's motion as part of the totality of the circumstances, it would not find such conduct sufficient to make this an exceptional case in the absence of Plaintiff's objectively unreasonable and improper litigation tactics at the summary judgment stage.

Much of Defendant's motion focuses on the size of this litigation and the accompanying burden that the litigation put on Defendant. But there is nothing inherently improper in bringing a large case, and Plaintiff largely agreed to the case-narrowing protocol recommended by the special master appointed by the Court to oversee discovery. And while the Court overruled Plaintiff's sole objection to the special master's recommendation (*see* Dkt. 204), it does not find that the objection was frivolous. To the contrary, the Court acknowledged that "there do not appear to be—at least, the parties and the Special Master have not cited and the Court has not discovered in its own research— any cases expressly discussing a court's authority to impose" the specific requirement to which Plaintiff objected. (*Id*. at 7). The Court does not find the size of this litigation sufficient to render it exceptional.

Defendant also makes much of the fact that it "prevailed in every instance where the Court finally decided the substance of [Plaintiff's] claim of infringement or [Defendant's] invalidity defense." (Dkt. 290-1 at 22). But "[m]erely losing at summary judgment is not a basis for an exceptional case finding." *Cambrian Sci. Corp. v. Cox Commc'ns, Inc*., 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015); *see also Jiaxing Super*

*Lighting Elec. Appliance Co. v. CH Lighting Tech. Co*., No. 6:20-CV-00018-ADA, 2022 WL 3371630, at *15 (W.D. Tex. Aug. 16, 2022) ("The Court will not award Plaintiffs fees just because this Action was unnecessarily contentious and Defendants ultimately lost on all issues."). While the Court agrees with Defendant that many of the arguments asserted by Plaintiff at the summary judgment stage were objectively weak, the Court would not find the case exceptional on this basis without more.[1]

But what the Court does find pushes this case into the realm of the exceptional are Plaintiff's actions in pursuing infringement theories at the summary judgment stage that were not included in its Final Infringement Contentions and that—in several cases—it had expressly been denied leave to assert in an amended complaint and amended final infringement contentions. *See Intell. Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1384 (Fed. Cir. 2019) (noting that "courts frequently award attorney fees under § 285 in an amount related to particular conduct and circumstances that stood out and made a case exceptional, even when the entirety of the conduct in the case was not exceptional from

---

[1] The Court does note that Defendant sent Plaintiff a letter at the close of fact discovery in which it warned that Plaintiff had "no plausible infringement claim" with respect to claim 1 of the '3005 Patent, claims 1 and 5 of the '582 Patent, claim 1 of the '415 Patent, and claim 1 of the '974 Patent. (Dkt. 290-9). The Court granted summary judgment of non-infringement on the merits of each of these claims. (Dkt. 288 at 89-101). "[O]ne consideration that can and often should be important to an exceptional-case determination is whether the party seeking fees provided early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (quotation and original alteration omitted). The Court has considered this notice to Plaintiff in assessing the totality of the circumstances.

start to finish" and that in every case "[t]he district court must determine whether the conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional, *i.e.*, the case stands out among others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated").

At the summary judgment stage, Plaintiff ignored the Court's Local Patent Rules and Judge Payson's Decision and Order denying it leave to amend due to its own lack of diligence. Plaintiff pursued infringement theories that it had never properly disclosed, and for which Defendant had never had the opportunity to conduct discovery or develop non-infringement theories. As the Court explained in the Summary Judgment D&O, Plaintiff simply "chose not to comply with the Local Patent Rules" (Dkt. 288 at 48), and then tried to escape the consequences of its own lack of diligence by mischaracterizing its Final Infringement Contentions and taking wholly unreasonable and unsupportable positions regarding the impact of Judge Payson's prior rulings. Plaintiff thereby forced Defendant to file, and the Court to resolve, a lengthy motion to strike.[2] Plaintiff further forced Defendant to file summary judgment papers addressing infringement theories that Plaintiff objectively knew or should have known it could not pursue.

---

[2]    While the Court did not strike every portion of the expert reports identified by Defendant, it overwhelmingly ruled in Defendant's favor. The fact that Defendant failed to adequately support a few of its arguments in support of striking does not outweigh the fact that Plaintiff tried to circumvent Judge Payson's clear and unequivocal denial of leave to amend.

"[A] plaintiff's persistence in setting forth pleadings and arguments that a court has definitively rejected as deficient can weigh in favor [of] a finding of exceptionality." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2022 WL 1447946, at *8 (N.D. Tex. Feb. 9, 2022) (citing *Pirri v. Cheek*, 851 F. App'x 183, 188 (Fed. Cir. 2021)). Considered in the context of this case as a whole, Plaintiff's decision to pursue previously undisclosed infringement theories—including theories that Judge Payson had already determined it could not include in an amended complaint or amended final infringement contentions due to its own lack of diligence—makes this an exceptional case. The Court will accordingly award Defendant an appropriate measure of attorney fees, in its discretion, and as discussed further below.

## IV.    **The Court Declines to Award Fees Under Its Inherent Authority**

Defendant also asks the Court to exercise its inherent equitable power to sanction Plaintiff by requiring it to pay Defendant's expert fees. The Court declines to do so. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991); *see also ClearValue, Inc. v. Pearl River Polymers, Inc*., 560 F.3d 1291, 1309 (Fed. Cir. 2009) ("the threshold for the use of inherent power sanctions is high" (citation omitted)). Litigation conduct that is sufficient to "justify[] an award of attorney fees and enhanced damages under section 285" is not necessarily sufficient to warrant the exercise of the Court's inherent power. *Amsted Indus. Inc. v. Buckeye Steel Castings Co*., 23 F.3d 374, 379 (Fed. Cir. 1994).

Importantly, "[t]he court should resort to its inherent power only where the rules or statutes do not reach the acts which degrade the judicial system." *Id*. (quotation omitted). Where "the award of attorney fees under section 285 adequately reaches any litigation misconduct" by a party, the exercise of inherent authority is not warranted. *Id*. The Court concludes that this is such a case and accordingly will not award any further sanction under its inherent authority. The Court has considered the totality of the circumstances in reaching this conclusion, including the fact that when Plaintiff served its opening expert reports on June 2, 2021, Judge Payson had not yet issued her decision denying Plaintiff's motion for leave to amend.

## V.    <u>Amount of Fees</u>

"The determination of reasonable attorney fees is also a matter that is committed to the sound discretion of a district court judge." *In re Rembrandt Techs. LP Pat. Litig*., 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quotations and citations omitted). "[A]ttorney fees under § 285 are compensatory, not punitive." *Id*. Accordingly, "the amount of the award must bear some relation to the extent of the misconduct." *Id*. at 1279.

Defendant has asked that it be awarded all of its attorney fees after the close of fact discovery. The Court finds this request overbroad in relation to the factors that render this case exceptional, which are set forth in detail above. Instead, the Court concludes that an appropriately compensatory measure of attorney fees in this case consists of: (1) the fees expended by Defendant in connection with the motion to strike (Dkt. 238); and (2) the fees expended by Defendant in seeking summary judgment on claim 2 of the '974 Patent and

claims 1 and 51 of the '314 Patent.  As to the second of these items, the Court notes that it

granted summary judgment to Defendant on these claims based specifically on its ruling

on the motion to strike.  (*See* Dkt. 288 at 86-89); *see In re Rembrandt Techs*., 899 F.3d at

1279 ("The district court must explain th[e] relationship [between the misconduct and the

fee award], at least to the extent practicable.").

The Court appreciates that Defendant likely did not keep contemporaneous time

records reflecting the specific portions of the summary judgment briefing that were being

worked on.  Defendant may submit to the Court a declaration from an individual (or

individuals) with personal knowledge that provides a good faith estimate of what portion

of the time spent on the summary judgment briefing was devoted to the specific claims

identified by the Court.

## **CONCLUSION**

For all these reasons, the Court grants in part and denies in part Defendant's motion

for attorney fees.  (Dkt. 290).  The Court finds that Defendant is a prevailing party and that

the case is exceptional under 35 U.S.C. § 285.  The Court further finds Defendant is entitled

to: (1) the fees expended in connection with the motion to strike (Dkt. 238); and (2) the

fees expended in seeking summary judgment on claim 2 of the '974 Patent and claims 1

and 51 of the '314 Patent.  The Court denies Defendant's request for expert fees under the

Court's inherent equitable authority.

Within 21 days of entry of this Decision and Order, Defendant shall make a supplemental submission documenting the amount of its compensable attorney fees. Plaintiff may file a reply within 14 days of Defendant's filing.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 1, 2024
       Rochester, New York