UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MIDWEST ATHLETICS AND SPORTS
ALLIANCE LLC,

                Plaintiff,             **DECISION AND ORDER**

       v.                           6:19-CV-06036 EAW

XEROX CORP.,

                Defendant.
_____

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent infringement litigation. Pursuant to this statute, on November 1, 2024, the Court granted in part the motion by Defendant Xerox Corp. ("Xerox") for an award of attorneys' fees. (Dkt. 307). In the November 1, 2024 Decision and Order, the Court directed Xerox to make a supplemental submission documenting certain attorneys' fees it incurred. (*Id.* at 11-13). On November 22, 2024, Xerox filed its supplemental submission (Dkt. 308) and on December 6, 2024, Plaintiff Midwest Athletics and Sports Alliance LLC ("MASA") responded (Dkt. 309). For the reasons set forth, Xerox is awarded attorneys' fees of $90,354.02.

- 1 -

**DISCUSSION**

Under § 285, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). In the November 2024 Decision and Order, the Court concluded that this case is exceptional under § 285 because of MASA's belated pursuit of previously undisclosed infringement theories and disregard for the Court's Local Patent Rules and prior Court rulings, which rendered the case as "one that stands out from others with respect to . . . the unreasonable manner in which . . . [it] was litigated." *Id.* at 554. The Court determined that Xerox was entitled to an award of the fees it incurred in connection with its motion to strike[1] and in seeking summary judgment on claim 2 of the '974 Patent and claims 1 and 51 of the '314 Patent. (Dkt. 307 at 11-13). The Court acknowledged that Xerox may not have contemporaneously recorded its billing by claim, but permitted it to submit a declaration from an individual with personal knowledge who could provide a good faith estimate of the time expended on those portions of the summary judgment motion.

In its supplemental filing, Xerox submits the declaration of Andrew Perito (Dkt. 308-1), and requests fees totaling $120,471.52, which it contends represents its good faith estimate of the work that the Court found compensable. MASA asks the Court to reduce

---

[1] As Xerox correctly points out in its submission (Dkt. 308 at 2 n.1), the Decision and Order entered on November 1, 2024, incorrectly referenced Xerox's motion to strike as filed at Docket 238 (Dkt. 307 at 11, 12), when in fact it was filed at Docket 237.

the requested amount in light of Xerox's failure to apply the prevailing hourly rate for the Western District of New York and further contends that Xerox's arbitrary reduction of fees related to the summary judgment filing are not objectively supported.

### A.  Legal Standard

"If the court determines that an award of fees is warranted, it must then 'determine what fee is reasonable.'" *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 CIV. 7787 (VM), 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Under the "lodestar" approach, the Court calculates a "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours spent.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Oriska Corp. v. Highgate LTC Mgmt., LLC*, No. 1:21-CV-104 (MAD/DJS), 2022 WL 17475599, at *2 (N.D.N.Y. Dec. 6, 2022) ("Attorneys' fees are to be a 'reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.'" (quoting *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)).

To assess whether the lodestar is reasonable, the court may consider the following variables:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney

> expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184. Courts may also consider case-specific factors including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 251 (E.D.N.Y. 2020) (quotation and citation omitted).

With the foregoing principles in mind, the Court will examine the reasonableness of the hourly rates and hours requested.

### B. Hourly Rates

Xerox seeks a lodestar of $120,471.52, which was calculated using hourly rates of $975 for partner Daralyn Durie; $630 for partner Ryan Kent; $607.50 for counsel Andrew Perito; $607.50 for associate Vera Ranieri; $261 for paralegal Vincent Harrington; and $261 for paralegal Mieae Choi. (Dkt. 308-1 at ¶ 15). The rates are represented to be the then-prevailing hourly rates in the San Franciso Bay area "for attorneys and paralegals of comparable education, expertise, and experience who handle patent litigation." (*Id.* at ¶ 16).

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *McLaughlin v. IDT Energy*, No. 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *16 (E.D.N.Y. July 30, 2018) (quoting *Arbor Hill*, 522 F.3d at 190). A starting place for an assessment of a reasonable hourly rate is the rate the attorney charges his or her paying clients. *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").

In most cases, in determining the reasonableness of the hourly rate, the Court will adhere to the "forum rule," "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 617-18 (E.D.N.Y. 2017) (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009)); *see also Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023) ("[W]hen faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." (quoting *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009))), *cert. denied*, 144 S. Ct. 822, 218 L. Ed. 2d 31 (2024); *Ortiz v. Stambach*, No. 1:16-CV-00321 EAW, 2023 WL 2058075, at *13 (W.D.N.Y. Feb. 17, 2023) ("There is a presumption that a 'reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates

are consistent with those charged locally,' and the burden is on the attorney seeking a higher rate to rebut that presumption." (quoting *Arbor Hill*, 522 F.3d at 190)).

At the same time, courts need not strictly adhere to the forum rule in all cases and reasonable attorney fee rates may vary "depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Kindle v. Dejana*, 308 F. Supp. 3d 698, 704 (E.D.N.Y. 2018) (quotation and citation omitted); *see also Sadowski v. Urbanspotlite LLC*, No. 1:22-CV-00887 (BKS/DJS), 2023 WL 2838376, at *5 (N.D.N.Y. Apr. 7, 2023) (holding that out-of-district rates may be appropriate where there is "a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." (quoting *Simmons*, 575 F.3d at 174)). For example, where fees are being awarded as a sanction, the presumption may be less applicable. *See United Pool Distrib., Inc. v. Custom Courier Sols., Inc.*, No. 22-CV-06314-FPG, 2025 WL 1111568, at *1 (W.D.N.Y. Apr. 15, 2025) ("[D]istrict courts have discretion in determining the rate for attorney's fees awarded as sanctions and are not bound by the forum rule or other presumptions, which apply when calculating attorney's fees in other contexts."); *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *3 (W.D.N.Y. Oct. 26, 2021) ("In determining whether to apply the forum rule, some courts have distinguished between awards made pursuant to a fee-shifting statute and those made as a sanction."); *Casaccia v. City of Rochester*, No. 17-CV-6323-FPG-MJP, 2021 WL 4189707, at *2 (W.D.N.Y. Sept. 15, 2021) ("Inasmuch as the fee award here is a sanction, not because of a fee-shifting statute, the presumption of

an in-forum hourly rate is less applicable."). Likewise, "cases involving highly specialized and complex areas of law" may warrant a conclusion that the presumption has been rebutted. *Gordon v. Chambers*, No. 20-CV-696, 2024 WL 3533876, at *16 (E.D.N.Y. July 25, 2024).

MASA urges the Court to apply the forum rule and award fees at what it argues are the "high-end" of prevailing hourly rates in this District: $350 for partners, $285 for counsel and associates, and $120 for paralegals. (Dkt. 309 at 3). But many cases in this District reflect approval of higher hourly rates than those urged by MASA. *See Tentandtable.com, LLC v. Gorilla Bounce LLC*, No. 21-CV-1318-LJV, 2023 WL 2342291, at *8 (W.D.N.Y. Mar. 3, 2023) (holding that requested rates of $425 for an attorney with more than twenty-five years' experience, $410 for attorney with eighteen years' experience, and $245 to $275 for junior attorney were "reasonable in the Western District of New York" in "exceptional case" for trade dress infringement); *Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040-FPG, 2019 WL 1349283, at *6 (W.D.N.Y. Mar. 26, 2019) (awarding fees in "exceptional case" under Lanham Act and reducing requested rates to $500 per hour for experienced attorney and $315 for more junior attorneys, stating "[t]hose hourly rates resemble rates for similar work in WDNY"); *see also Howard v. City of Rochester*, No. 23-CV-6561-FPG-MJP, 2025 WL 1248365, at *5 (W.D.N.Y. Apr. 30, 2025) (awarding counsel $475 per hour as a generous rate for the Western District); *Xerox Corp. v. Conduit Glob., Inc.*, No. 21-CV-6467-EAW-MJP, 2024 WL 3548411, at *15 (W.D.N.Y. July 26, 2024) (approving a $560 hourly rate for a well-regarded litigator with "*far* more than 20 years of experience," $285 and $300 hourly rates for associate attorneys,

and $140 for a paralegal, as commensurate with prevailing rates in this District for fees awarded pursuant to Rule 37), *aff'd*, 2025 WL 586244 (Feb. 24, 2025); *Capax Discovery, Inc. v. AEP RSD Invs., LLC*, No. 1:17-CV-00500-CCR, 2023 WL 140528, at *6 (W.D.N.Y. Jan. 10, 2023) ("In the Western District, $400-$500 per hour is generally deemed a reasonable hourly rate for experienced trial counsel."); *Grand River Enters. Six Nations*, 2021 WL 4958653, at *4 ("Within the Western District of New York, $500 is in-line with hourly rates for attorneys with [over 20 years of] experience" and attorneys with 10 years of experience "can be expected to charge an hourly rate of $ 350").

The rates sought by Xerox are substantially higher than those normally charged in this forum, as they reflect counsel's location in the San Francisco Bay area market. Xerox contends that the rates were as charged and paid by Xerox and reflect the complexity of the litigation as well as the extent of the success achieved. In addition, the fees are being awarded because of the Court's conclusion that the matter constitutes an exceptional case warranting such compensation. Although MASA argues that the motion to strike "was based on the timing of MASA's disclosures under the local rules" and "did not involve intellectual property specialization," (Dkt. 309 at 4-5), the Court disagrees. Resolution of the motion to strike required a detailed assessment of which claims had been properly disclosed in and encompassed by MASA's final infringement contentions and was not simply a rote matter of the application of a Court deadline. (*See* Dkt. 288 at 6-50). Considering these factors, the Court concludes that Xerox has rebutted the presumption in favor of the forum rule and a higher rate than that generally charged in this District is appropriate. Yet given the lack of detailed support provided by Xerox to demonstrate that

the rates sought are the prevailing rates in the out-of-district market, as is its burden, a reduction is nevertheless appropriate. *See Parks v. Saltsman*, No. 20-CV-6384-FPG, 2024 WL 4440994, at *3 (W.D.N.Y. Oct. 8, 2024) (holding that application of an out-of-district rate was justified, but that proposed hourly rates were excessive and required reduction); *New York State Rifle & Pistol Ass'n, Inc. v. Nigrelli*, No. 1:18-CV-134 (BKS/ATB), 2023 WL 6200195, at *6 (N.D.N.Y. Sept. 22, 2023) (noting that a determination of reasonableness of rates "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel" and denying requested fees where counsel "have not provided any basis for the high rates sought for work performed by [counsel] in caselaw, in prevailing market rates, or in market-based evidence demonstrating that such a rate is actually charged to other paying clients" (quoting *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012))).

MASA argues that even if the Court were to apply an out-of-district rate, that the fees sought still far exceed the national average for intellectual property attorneys, as documented in the American Intellectual Property Law Association's 2023 report of nationwide billing rates for private intellectual property firms, which reflect a median nationwide billing rate of $525 for equity partners, $362 for counsel, and $475 for associate attorneys. (Dkt. 309-5 at 10, 16, 19). Xerox only cites to *In re Personalweb Techs., LLC Pat. Litig.*, No. 18-MD-02834-BLF, 2021 WL 796356, at *15 (N.D. Cal. Mar. 2, 2021), *aff'd*, 85 F.4th 1148 (Fed. Cir. 2023), where uncontested rates ranging between $282 and $905 were approved by the Court as reasonable for the Bay area market, to support its

request. The lack of additional particularized documentation or case support provided by Xerox to support its position handicaps the Court's ability to approve the requested fees.

As a result, having reviewed the materials the parties provided, and considering the success of the work performed, the complexity of the litigation, the basis for the fee award, the experience of counsel, and the market in which counsel practices, the Court finds that the following rates are appropriate: $731.25 for partner Daralyn Durie; $472.50 for partner Ryan Kent; $455.63 for counsel Andrew Perito; $455.63 for associate Vera Ranieri; $195.75 for paralegal Vincent Harrington; and $195.75 for paralegal Mieae Choi. These rates reflect a reduction from the requested rates by 25 percent, and the Court concludes that such rates adequately compensate the attorneys for their success in this matter.

### C. Number of Hours

"In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (quotation omitted).

Xerox breaks its request for compensable hours into three categories: (1) time related to its motion to strike; (2) time related to its motion for summary judgment; and (3) time spent preparing for oral argument on the motions. In light of the Court's Decision and Order that only portions of the summary judgment motion represent compensable time, Xerox reduced its fee request for the second category by 25% and in the third category by 50%, to support its good faith estimate of the time devoted to claim 2 of the '974 Patent and claims 1 and 51 of the '314 Patent. (Dkt. 308 at 4; Dkt. 308-1 at ¶¶ 24, 27). MASA does not challenge the 97.2 hours attributable to the motion to strike but contends that the

151.6 hours spent by Xerox attorneys drafting the summary judgment motion and preparing for oral argument is not well-supported or based on an objective metric. (Dkt. 309 at 6). MASA argues that Xerox's fees for the motion preparation should be limited to 32%, which represents the number of paragraphs in Xerox's summary judgment briefing that uniquely relate to the subject claims, and similarly argues that only 25% of the oral argument preparation should be compensable because only three of the twelve claims were found by the Court to be compensable on the fee motion.

By definition, the estimate requested by the Court and provided by Xerox is not exact. And while MASA's alternative estimate is not unreasonable, at the same time, the Court directed Xerox to submit a declaration from an individual with personal knowledge who is able to provide a good faith estimate of what portion of the time spent on the summary judgment briefing was devoted to the specific claims identified by the Court. Having reviewed that declaration and based on the Court's familiarity with the motion to strike and the portions of the summary judgment motion that are subject to reimbursement, the Court finds that Xerox's estimate is reasonable and appropriate. Time spent relating to specific portions of the summary judgment preparation is not something that can be calculated to an exact science and the Court credits counsel's good faith estimate. The hours sought by Xerox in connection with its fee motion are accordingly reasonable.

For these reasons, the Court concludes that Xerox is entitled to reimbursement of legal fees for 10.5 hours at an hourly rate of $731.25 for partner Daralyn Durie; 94.15 hours at an hourly rate of $472.50 for partner Ryan Kent; 70.15 hours at an hourly rate of $455.63 for counsel Andrew Perito; 3.4 hours at an hourly rate of $455.63 for associate Vera

Ranieri; 11.9 hours at an hourly rate of $195.75 for paralegal Vincent Harrington; and 12 hours at an hourly rate of $195.75 for paralegal Mieae Choi.

## **CONCLUSION**

For the foregoing reasons, the Court grants Xerox's application for attorneys' fees, awarding it $90,354.02. MASA is directed to make this payment within 30 days.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   June 20, 2025
         Rochester, New York